UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORITA ADANANDUS,

        Plaintiff,

    v.

SAFWAY SCAFFOLDING COMPANY, et al.,

        Defendants.
_____/

No. C-05-02488 EDL

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND DENYING REQUEST FOR SANCTIONS**

    Before the Court is Plaintiff's Motion to Enforce Settlement. Because this matter is appropriate for decision without oral argument, the Court vacated the March 21, 2006 hearing.

    On January 31, 2006, the parties settled this employment discrimination lawsuit through mediation. Under the settlement agreement, Defendant was obligated to pay a certain amount of money to Plaintiff no later than February 6, 2006. Shukla Decl. ¶ 7. On February 2, 2006, Defendant learned from an article in the Contra Costa Times on the Internet that Plaintiff had been recently arrested for allegedly slashing her then-boyfriend's throat. Brooks Decl. Ex. A. Defendant subsequently told Plaintiff that it believed that the settlement agreement was void because during Plaintiff's deposition on January 30, 2006, she denied any knowledge that her recent arrest involved a claim that she committed a battery or similar physically offensive conduct against her then-boyfriend. Oborne Decl. Ex. A at 28:2-5 ("Q: Do you know if there was any allegation against you that you engaged in physical conduct with Bonnie, in terms of battery or an offensive conduct? A:

1  No."). After February 2, 2006, Defendant continued to refuse to pay the settlement amount while it
2  attempted to confirm the Contra Costa Times story and to get a declaration from the arresting
3  officer. Jordan Decl. ¶¶ 2-6 (detailing ten phone calls to Richmond Police Department, messages
4  left and telephone discussions with police officers).

5  On February 13, 2006, Plaintiff filed this motion to enforce the settlement agreement, which
6  also included a request for $9,750.00 in attorney's fees and $30.00 in costs pursuant to 28 U.S.C. §
7  1927 and the Court's inherent power.[1] Because Defendant was unsuccessful in contacting the
8  arresting officer, it paid the settlement amount under the agreement on March 1, 2006. Oborne Decl.
9  ¶ 6. Therefore, to the extent that Plaintiff's motion sought Defendant's compliance with the
10 settlement agreement, the motion is denied as moot. In addition, because the contents of the
11 settlement agreement are no longer at issue, the agreement will not be filed and Plaintiff's
12 administrative request to file the agreement under seal is denied. Plaintiff's counsel may arrange for
13 return of the sealed documents by contacting the Courtroom Deputy at 415-522-3694.

14 Plaintiff also requested an award of fees and costs. Under 28 U.S.C. § 1927, any attorney
15 who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the
16 court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred
17 because of such conduct." Sanctions under section 1927 must be supported by a finding of
18 subjective bad faith. Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995) ("Bad faith is present when
19 an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the
20 purpose of harassing an opponent."). Similarly, an award of sanctions under the Court's inherent
21 power requires a finding of subjective bad faith by counsel. Chambers v. Nasco, Inc., 501 U.S. 32,
22 44 (1991).

---

[1] Plaintiff also filed objections to the evidence submitted by Defendant in opposition to Plaintiff's motion. Plaintiff objects to Exhibit A to the Brooks declaration and to the portions of Defendant's brief that quote the article as hearsay. The evidence is relevant, however, not for the truth of the statements made in the exhibit, but to show notice to Defendant.
  Plaintiff also objects to Defendant's brief at 3:21-26 as inadmissible hearsay. Lines 21-22 are not hearsay. Lines 23-26 state: "Sergeant Clark stated that he was present on the night that Plaintiff was arrested and that he was confident she was told on many occasions that she was being arrested for allegedly cutting the throat of her boyfriend. (Jordan Decl. ¶ 3). Sergeant Clark, however, said that he was not the arresting officer and instructed us to contact arresting officer Villabos. (Jordan Decl. ¶ 3)." Again, the evidence is not offered for the truth of the statements made by persons other than the declarant, but for the purpose of showing notice to Defendant.

It is unfortunate that this dispute arose, but Plaintiff has failed to meet her burden of demonstrating Defendant's bad faith for purposes of an award of fees and costs. In light of the Contra Costa Times article, Plaintiff's testimony regarding her recent arrest was at a minimum misleading, whether unintentionally or not. Defendant might not have ultimately prevailed in setting aside the settlement agreement on a fraud in the inducement theory based on that testimony, but Defendant had a good faith basis to pursue that theory. The issue was arguably relevant to her emotional distress and thus the settlement value of the case. Defendant took immediate steps to gather evidence from the arresting officer, and when that effort proved to be unsuccessful, Defendant abandoned its investigation and paid the settlement funds approximately three and one-half weeks from the date for payment provided in the agreement. It is regrettable that Plaintiff's landlord initiated eviction proceedings, but it appears that, fortunately, with counsel's aid, Plaintiff was not evicted as a result of Defendant's delay in providing payment. Accordingly, Plaintiff's request for an award of fees and costs is denied.

**IT IS SO ORDERED.**

Dated: March 20, 2006

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge